HANNAH HARVEY v. THE CITY OF HILLSDALE.

*Municipal corporations—Master and servant—Negligence.*

A city is not liable for the negligence of a contractor and his men while performing work in which the city is in no way interested, the relation of master and servant not existing between the parties.

So *held*, where by an arrangement with the mayor of a city a contractor engaged in laying water pipe for the city laid such pipe from the street into adjoining college grounds, and the trench was left open and unguarded on said grounds, into which a traveler fell, and sued the city for the injuries sustained.

Error to Hillsdale. (Lane, J.) Argued May 15, 1891. Decided June 5, 1891.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*S. F. Dwight* and *E. L. Koon*, for appellant.

*James S. Galloway* and *George A. Knickerbocker*, for defendant.

GRANT, J. The defendant is a municipal corporation, and was authorized by special act of the Legislature

to erect water-works to supply the city with water.[1]

A plan of pipe distribution through the streets of the city was adopted by resolution of the common council. The council did not authorize the laying of any pipe upon private grounds. The contract was let for the construction of the work in the streets according to the plans and specifications. During the progress of the work the mayor of the city proposed to the authorities of Hillsdale College to put a hydrant upon the college grounds. The arrangement was finally consummated between the mayor and the college authorities, by which the necessary pipe was to be furnished and the work done for the same prices that the city paid. When the work had reached the proper point in the street opposite the college grounds, the contractor, by the direction of the mayor, caused a trench to be dug into the college grounds, and the pipe to be laid therein. The trench extended across a walk near the college buildings, over which those having occasion to go to the college had the right of passage. The night after the pipe had been laid in the trench across this walk it was left open, unguarded, and without any light or other signal of danger. Plaintiff, on her way to the college in the evening to attend some public exercises, fell in and was injured. This suit is brought to recover damages for negligence of the defendant in leaving the trench so exposed.

Plaintiff's counsel concede that the mayor had no authority from the defendant to make this arrangement with the college, but insist that he was a voluntary agent, and that the city subsequently ratified his acts, and thereby made itself liable for the negligence which resulted in the injury to plaintiff.

The ratification relied upon consists in this, viz.:

[1] See Local Acts of 1885, No. 344.

After the work was done a bill was made out against the college in the name of the defendant for the work done and materials furnished. This was presented by the mayor to the college authorities, and was paid to and receipted by the mayor. The money then passed into the city treasury, and was included in the treasurer's report. Plaintiff was injured November 9, 1885, and brought suit against the city March 8, 1886. This suit was discontinued in May, 1887, and the present suit commenced August 20, 1887. On March 15, 1886, the mayor reported to the council the fact that plaintiff had brought suit. On November 22, 1886, the city attorney advised the council to withhold the unpaid balance due for putting in the water-works until plaintiff's suit was terminated. December 6 plaintiff's attorneys went before the council, and urged their claim for damages. After this the council approved the treasurer's report which contained this item.

We need not discuss the character and effect of these alleged acts of ratification. For the purposes of this case, it may be conceded that their effect was to ratify the unauthorized act of the mayor in arranging with the college for this work without any expense to the city. The relation of master and servant did not exist, at the time the work was done, between the contractor and his employés and the city. This relation must, of necessity, have existed in order to create a liability against the defendant. The contractor and his men were taken away from the work for the city, and placed upon the work of private parties. In this work the city had no interest, and clearly incurred no liability. Whatever may be the legal effect of these acts as between the city and the college, there can be no reason in holding the city liable for the negligence from which the plaintiff

suffered.   The defendant was then under no duty to look after this work.   Having no duty to perform, upon what principle can it be held liable?

The court below was correct in directing a verdict for defendant.

Judgment affirmed.

The other Justices concurred.

